# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                                            **Case No. 14-CR-42**

**RAUL GONZALEZ-SANCHEZ**
        **Defendant.**

## ORDER

Defendant Raul Gonzalez-Sanchez pleaded guilty to distribution of child pornography, 18 U.S.C. § 2252(a)(2), and unlawfully entering the United States, 8 U.S.C. § 1325(a)(1), and on September 23, 2014, I sentenced him to 60 months in prison on the child pornography count (the mandatory minimum) and 6 months in prison on the entry count running concurrently. He took no appeal.

On January 30, 2015, defendant filed a motion to reconsider his sentence based on fast track disparity and other disadvantages experienced by re-entry defendants (e.g., no reduction for completing the RDAP, no pre-release community confinement). The district court generally lacks authority to modify a sentence after its imposition. See 18 U.S.C. § 3582(c); United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009); United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006). Defendant cites 18 U.S.C. § 3582(c)(2), but that provision applies when the Sentencing Commission has retroactively lowered the defendant's guideline range, a claim not made here. Defendant also cites 18 U.S.C. § 3553(a)(6), but that provision instructs the court to avoid unwarranted disparity in imposing the original sentence; it does not permit the court to retain jurisdiction over a case. Similarly, the fast track disparity cases petitioner cites

involved direct appeals from a sentence, not motions to modify or reconsider.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 34) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge